IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 21-326-1 |
| | : | |
| THOMAS CLARK | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                                        **June 18, 2026**

Defendant Thomas Clark moves to dismiss his indictment with prejudice, or in the alternative, transfer Counts One and Two of the indictment to the District of New Jersey because of venue issues.  Clark argues proper venue is in the District of New Jersey because Counts Three, Four, and Five allege criminal conduct in Cherry Hill, New Jersey.  At a hearing on this issue, both Clark and the Government agreed to have all counts transferred to the District of New Jersey.  The Court finds venue for Counts Three, Four, and Five is improper in the Eastern District of Pennsylvania and will transfer all counts to the District of New Jersey.  Accordingly, Clark's motion as submitted will be granted in part and denied in part.[1]

## BACKGROUND

According to the Government, in Spring 2021, the Drug Enforcement Administration (DEA) identified Clark as a drug distributor in the Philadelphia area.  Dkt. No. 54-1 ¶ 7.  Around that time, DEA agents developed a relationship with a confidential source ("CS") who told agents they had purchased drugs in bulk quantities from Clark on many occasions over the last several years.  *Id.*  On May 5, 2021, the CS met Clark and purchased what was later confirmed to be methamphetamine.  *Id.* ¶¶ 10-17.  After the transaction, DEA agents observed Clark drive directly to a house at 1112 Society

---

[1]     Clark's motion and his ultimate representations made at the June 17, 2026 hearing are different as the Court will explain below.

Hill Boulevard in Cherry Hill, New Jersey, where he drove into the garage. *Id.* ¶ 20. Following the buy, a DEA agent successfully sought a search warrant for the collection of Clark's cellphone location data and Pen Register tap and trace data. *See* Dkt. No. 54-1 ¶¶ 3-4, 21-24; *id.* at 13.

On May 17, 2021, DEA agents coordinated a second controlled buy between the CS and Clark. Dkt. No. 54-2 ¶¶ 28-36. That day, agents observed Clark drive directly from the garage at 1112 Society Hill Boulevard to meet the CS. *Id.* ¶ 34. The CS purchased what was later confirmed to be methamphetamine from Clark. *Id.* ¶ 36. After the buy, law enforcement observed Clark return to 1112 Society Hill Boulevard. *Id.* ¶ 39. A DEA agent then successfully requested another warrant to search the house in Cherry Hill. *See* Dkt. No. 54-2 ¶¶ 6, 13, 40-41, 43, 45; *id.* at 22. On June 1, 2021, law enforcement executed the search warrant for Clark's house, at which time they arrested Clark and found various drugs and firearms. *See* Dkt. No. 54-3.

On August 18, 2021, in the Eastern District of Pennsylvania, Clark was indicted for distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Counts One and Two); possession with intent to distribute 50 grams or more of methamphetamine, 1 kilogram or more of PCP, 500 grams or more of cocaine, and fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C) (Count Three); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Five). Notably, the indictment alleged Counts One and Two occurred in Philadelphia in the Eastern District of Pennsylvania while Counts Three, Four, and Five occurred in Cherry Hill in the District of New Jersey. Dkt. No. 12 at 1-6.

On September 16, 2021, Clark pled not guilty on all counts before Magistrate Judge Carol Sandra Moore Wells. Since then, Clark has successfully moved to continue trial numerous times

under 18 U.S.C. § 3161(h)(7)(A) and he unsuccessfully moved to dismiss the indictment based on his Second Amendment rights. *See* Dkt. Nos. 18, 20, 24, 26, 30, 32, 37, 45, 49, 53, 64 (granting unopposed continuances to ultimately set the trial date to June 16, 2026); Dkt. No. 39 (denying the motion to dismiss). On October 10, 2024, Clark then filed a motion to suppress the drugs and gun evidence seized at his Cherry Hill home associated with Counts Three, Four, and Five. Dkt. No. 54. On March 7, 2025, the Court denied the motion after a suppression hearing. Dkt. Nos. 66 & 67. More continuances of the trial followed. *See* Dkt. Nos. 69, 72, 74 (granting unopposed continuances to ultimately set the trial date to June 3, 2026). On May 11, 2026, the Court held a status call where the parties for the first time raised the issue of venue. Dkt. No. 75. On May 20, 2026, the Court held a hearing to determine whether Clark would plea or go to trial. Dkt. No. 79. At this hearing, the Government gave one final plea offer. The Court granted Clark's motion to continue the trial to June 26, 2026 so he can consider this offer. Dkt. No. 81. On May 28, 2026, Clark rejected the plea offer and the Court conducted a *Frye* colloquy to ensure he was properly presented with the offer and knowingly rejected it. Dkt. No. 82.

On June 10, 2026, the Government indicted Clark in the District of New Jersey on the same conduct as Counts Three, Four, and Five of the instant indictment because the statute of limitations on those charges was imminent. *See* Dkt. No. 96-1. The Government's plan was to prosecute the conduct charged in Counts Three, Four, and Five in the District of New Jersey and Counts One and Two here in the Eastern District of Pennsylvania. The New Jersey case has been assigned to Judge Christine O'Hearn. *See United States v. Clark*, No. 26-cr-300 (D.N.J. June 10, 2026).

In response to the New Jersey indictment, defense counsel requested a teleconference with all parties and the Court. Dkt. No. 95. At the teleconference, defense counsel represented that his client would be moving to transfer the entire case to New Jersey. The Government indicated it

would oppose any motion to transfer the entire case to New Jersey because it worried that if the Court transferred Counts One and Two then those charges would be subject to another venue objection because they have venue here in the Eastern District of Pennsylvania. Defense counsel indicated he would file a formal motion to transfer the case and the AUSAs stated they would investigate the venue issue and formulate their position.

On June 12, 2026, defense counsel represented the parties had reached a consensus that the case would proceed in New Jersey. Clark completed an explicit waiver of his right to venue for Counts One and Two if the case is transferred to New Jersey. Dkt. No. 96-2. Later, defense counsel informed the Court that the parties may have disputes on how to transfer the case over to New Jersey. So, on June 16, 2026, the defense filed a motion to dismiss the indictment or alternatively transfer only Counts One and Two to the District of New Jersey.

On June 17, 2026, the Court held a hearing to determine how the case will proceed. After hearing arguments and reviewing the options, the Court indicated it would likely transfer the case in its entirety to the District of New Jersey or dismiss Counts Three, Four, and Five then proceed to trial on Counts One and Two. It asked Clark how he would prefer to proceed. After consultation with his counsel, Clark elected to transfer the entire case to New Jersey instead of facing trial on Counts One and Two. On the record, the Court and defense counsel then conducted a colloquy of Clark regarding his consent to transfer the entire case to the District of New Jersey.

**DISCUSSION**

Clark originally sought to dismiss his indictment with prejudice, or alternatively, transfer only Counts One and Two to New Jersey based on venue and double jeopardy issues. Subsequently, the parties have agreed to have all counts of this case transferred to the District of New Jersey. Because the Rule 21(b) factors favor transfer and Clark has waived his constitutional

4

right to venue, the Court will grant his motion to the extent he requests transfer of his case to the District of New Jersey but deny his motion to dismiss.

The right to venue means a "defendant in a criminal trial has a constitutional right to be tried in the district in which the crime was committed." *United States v. Auernheimer*, 748 F.3d 525, 532 (3d Cir. 2014); *see also* U.S. Const. art. III, § 2, cl. 3 ("The Trial of all Crimes . . . shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed . . . ."); U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law."). The Government has the burden of proving that venue is proper. *United States v. Perez*, 280 F.3d 318, 328 (3d Cir. 2002) (citing *United States v. Black Cloud*, 590 F.2d 270, 272 (8th Cir. 1979)). Proper venue is also mandated in the federal rules. Fed. R. Crim. P. 18 ("[T]he government must prosecute an offense in a district where the offense was committed.").

But "venue in the criminal context continues to occupy a lesser station in the hierarchy of constitutionally-derived rights." *Perez*, 280 F.3d at 328. Indeed, "venue is non-jurisdictional in the criminal context." *United States v. Calderon*, 243 F.3d 587, 590 (2d Cir. 2001) (citing cases from the First, Fourth, Fifth, Seventh, and Tenth circuits). As a result, a defendant can waive venue and with a "less rigorous [standard] than that for finding a waiver of the rights to trial by jury, to confront one's accusers and to be free from self-incrimination." *Perez*, 280 F.3d at 328. "[O]bjections to venue are waived if not raised in a timely manner." *United States v. Turley*, 891 F.2d 57, 61 (3d Cir. 1989). The Third Circuit found that a "defendant must raise the issue of improper venue before the jury returns a verdict" to be considered timely. *United States v.*

*Robinson*, 167 F.3d 824, 829 (3d Cir. 1999).  A pre-trial motion urging transfer of venue is considered an objection to venue.  *United States v. Passodelis*, 615 F.2d 975, 976 (3d Cir. 1980).

Clark had timely indicated his objection to venue for Counts Three, Four, and Five by filing a motion to dismiss or to transfer.  Because of his objection, the Court finds Counts Three, Four, and Five cannot continue to trial here in the Eastern District of Pennsylvania because they are being brought in the wrong venue.  These three counts explicitly charge conduct that occurred "[o]n or about June l, 2021, in Cherry Hill, in the District of New Jersey."  *See* Dkt. No. 12 at 4-6. The proper venue for these charges is, therefore, in the District of New Jersey.  Counts One and Two, however, do have proper venue here in the Eastern District of Pennsylvania because they charge conduct that occurred "[o]n or about May 5, 2021" and "on or about May 17, 2021, in Philadelphia, in the Eastern District of Pennsylvania."  *Id.* at 1-3.

But Clark does not want to proceed with two trials in the two district courts where venue is proper for the respective counts.  He wants one trial in one district court.  So, he has moved to transfer Counts One and Two to the District of New Jersey.  The Court finds transfer of this case to New Jersey is appropriate.

Motions to transfer criminal cases are controlled by Federal Rule of Criminal Procedure 21(b) which states "[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice."  "Whether to transfer a case is generally committed to the discretion of the district courts."  *In re United States*, 273 F.3d 380, 387 (3d Cir. 2001).  Factors to consider in transferring a case include: "(1) location of [the] . . . defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is

6

transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of [the] place of trial; (9) docket condition of each district . . . involved; and (10) any other special elements which might affect the transfer." *Id.* at 387-88 (quoting *Platt v. Minn. Mining & Mfg. Co.,* 376 U.S. 240, 243-44 (1964)).  "When the court orders a transfer, the clerk must send to the transferee district the file, or a certified copy, and any bail taken" then "[t]he prosecution will then continue in the transferee district." Fed. R. Crim. P. 21(c).

Before addressing whether transfer is appropriate, the Court will first address Clark's initial request to dismiss Counts Three, Four, and Five and then transfer Counts One and Two.[2]  Mem. L. Supp. Def.'s Mot. Dismiss 11, Dkt. No. 96.  He had argued that the Court lacked authority under Rule 21 to transfer all counts in a case if the defendant only moved to transfer some of the counts.[3] He cited to a federal treatise for support which states: "If venue is improperly laid, an indictment is subject to dismissal. . . .  The court has no power in this situation to transfer the case to a proper venue unless the defendant requests a Rule 21 transfer."  25 Moore's Federal Practice § 621.02 (3d ed. 2026).  Clark's interpretation is incorrect.

First, the text of Rule 21(b) permits the Court to decide whether to transfer the whole case or just some of the counts without the approval of the defendant.  The rule clearly states the Court

---

[2]     Clark makes a claim that Counts Three, Four, and Five should be dismissed because the dual prosecutions of this conduct in the Eastern District of Pennsylvania and the District of New Jersey violate the Double Jeopardy Clause.  If all the charges were proceeding to trial in both districts, he would be correct.  But this Court will be transferring this case to the District of New Jersey, and the Government has represented it will dismiss any duplicative counts and indictments once the case has been transferred.  Dismissal is therefore not necessary at this time and is an issue that will be addressed after this case is transferred.  Regardless, Clark has also consented to this course of action so his motion to dismiss is moot.

[3]     At the June 17, 2026 hearing, Clark consented to transfer the entire case to the District of New Jersey instead of just Counts One and Two.  The Court will, however, address his arguments regarding this Court's authority to transfer the entire case in the event he attempts to later withdraw his consent.

"may transfer the proceeding, or one or more counts."  Fed. R. Crim. P. 21(b).  As the Supreme Court has "'repeatedly observed' . . . 'the word "may" *clearly* connotes discretion.'"  *Biden v. Texas*, 597 U.S. 785, 802 (2022) (quoting *Opati v. Republic of Sudan*, 590 U.S. 418, 428 (2020)).  So, this language plainly gives the Court discretion in whether to transfer the case or one or more counts.

The "[u]pon the defendant's motion" language in Rule 21(b) serves only as a precondition to the Court's ability to exercise its discretion.  The plain textual meaning of the phrase within the rule indicates that once the defendant makes a motion to transfer, the Court then has the discretion to transfer the entire proceeding, transfer one or more counts, or not transfer the case at all.  The text of the rule does not limit the Court's discretion to only the defendant's preferences.  Interpreting the rule in this manner does not contradict Clark's cited authority.  Moore's Federal Practice also conditions a court's "power . . . to transfer the case to a proper venue" from an improper venue on "the defendant request[ for] a Rule 21 transfer."  25 Moore's Federal Practice § 621.02 (3d ed. 2026).  The request controls the Court's authority to consider a transfer but, once a request is made, the Court has discretion on whether to transfer a case or only some counts.

Second, the advisory committee notes of Rule 21 confirm this understanding.  *In re Nat'l Football League Players Concussion Inj. Litig.*, 775 F.3d 570, 576 n.6 (3d Cir. 2014) ("[T]he Advisory Committee's notes on the federal rules are 'of weight' in interpreting the meaning of the rules.").  The notes on the initial creation of Rule 21(b) state that the "amendment also makes it clear that the court *may transfer all or part of the offenses* charged in a multi-count indictment or information."  Fed. R. Crim. P. 21 advisory committee note to 1966 amendment (emphasis added).  In the 2010 amendment of the same rule, the notes state "[t]his amendment requires the court to consider the convenience of victims—as well as the convenience of the parties and witnesses and

8

the interests of justice—in determining whether to *transfer all or part* of the proceeding to another district for trial" and "recognizes that the court has substantial discretion to balance any competing interests." Fed. R. Crim. P. 21 advisory committee note to 2010 amendments (emphasis added). These notes indicate that final discretion on whether to transfer all or part of the case is with the Court and not constrained by a defendant's desires or consent once a motion is made.

Looking at other contexts supports this interpretation. For example, the notes also indicate a district court has full discretion to choose where to transfer a case. Fed. R. Crim. P. 21 advisory committee note to 1944 adoption ("The effect of this provision would be to modify the existing practice under which in such cases the Government has the final choice of the jurisdiction where the prosecution should be conducted. The matter will now be left in the discretion of the court."); Fed. R. Crim. P. 21 advisory committee note to 1966 amendments ("Here, as in subdivision (a), the court may select the district to which the transfer is to be made."). Furthermore, "the court is not required to transfer the proceedings to the district specified in defendant's motion" under Rule 21. *See, e.g.*, *United States v. Crow Dog*, 532 F.2d 1182, 1188 n.5 (8th Cir. 1976), *cert. denied*, 430 U.S. 929 (1977); *In re Application to Take Testimony in Crim. Case Outside Dist.*, 102 F.R.D. 521, 523 (E.D.N.Y. 1984) ("Rule 21 places no limit on what district the court may transfer the case to."). If Rule 21 provides full discretion to the court to decide where to transfer a case regardless of the defendant's preferred venue, then the rule also provides full discretion to the court on whether to transfer all or part of a case. The text and advisory committee notes of Rule 21 indicate this Court has the discretion and authority to transfer all five counts in this case to the District of New Jersey despite Clark's preference to only transfer Counts One and Two.

The Court now turns to the merits of transferring the case to the District of New Jersey. Both parties agree that trying the case all together would be more convenient. Clark has also

9

expressed concerns that dual prosecutions would result in unfair prejudice and confusion. Mem. L. Supp. Def.'s Mot. Dismiss 14-15. Because Clark objects to venue for Counts Three, Four, and Five in the Eastern District of Pennsylvania, the only reasonable district where one trial on all counts can occur is the District of New Jersey. Under these circumstances, the Court finds transfer of the entire case to the District of New Jersey is appropriate "for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b).

Finding transfer to be appropriate, the Court will now address how this transfer impacts Clark's venue rights. While the transfer order moves Counts One and Two to an improper venue, Clark has waived any future objection to New Jersey as a venue. *Perez*, 280 F.3d at 328 ("The issue of proper venue in a criminal proceeding can be waived by a defendant."). He has signed an explicit waiver of his constitutional venue rights for the conduct charged as Counts One and Two. Dkt. No. 97-2. He also stated under oath and on the record, that he consented to transferring his case to the District of New Jersey. The Court finds these explicit waivers sufficient.

The Court also finds Clark has waived venue challenges to these counts by filing a motion to transfer the case to the District of New Jersey. The advisory committee notes to Rule 21 specifically state "[b]y making a motion for a change of venue, . . . the defendant waives this constitutional right." Fed. R. Crim. P. 21 advisory committee note to 1944 adoption. While the Third Circuit has not addressed this specific issue, other circuit courts have agreed that a defendant waives objections to venue once he successfully moves for a transfer under Rule 21. *United States v. Wilson*, 26 F.3d 142, 151 (D.C. Cir. 1994); *United States v. Jercha*, 458 F.2d 1340, 1341 (9th Cir. 1972); *United States v. Marcello*, 423 F.2d 993, 1004 (5th Cir. 1970) (finding a defendant voluntarily waived his right to venue through "the filing and the affirmative presentation of the

10

motion for change of venue"). Based on this case law and Clark's signed waiver, he has waived future challenges to venue for Counts One and Two in New Jersey.

**CONCLUSION**

Because the motion to transfer is warranted under Rule 21(b) and he has waived his right to venue on Counts One and Two, Clark's motion to transfer his case will be granted and the entire case will proceed in the District of New Jersey.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.